# E. H. GALE

### v.

# WILLIAM RECTOR.

PROMISSORY NOTE—FAILURE OF CONSIDERATION.—In a suit upon a note where the defense pleads failure of consideration growing out of a breach of contract between the maker and payee, whereby the latter agreed to treat in a skillful manner the wife of the former, the proof should correspond with the plea, and the instructions should not be predicated upon the terms of a contract other than that set out.

2. BURDEN OF PROOF.—The production in evidence of the note with its indorsement to plaintiff, made out the plaintiff's case, and the jury were bound to find for him, unless the defendant could establish his defense by a preponderance of the evidence.

3. ERRONEOUS INSTRUCTION NOT CURED BY OTHERS WHICH ARE GOOD. —The fact that the true rule of law was given in other instructions, does not cure an erroneous instruction, for the jury should never be called upon to reconcile instructions which are manifestly irreconcilable.

4. PRACTICE—READING FROM MEDICAL WORKS.—It is error to allow extracts from published medical works upon the proper treatment of diseases to be read to the jury.  They are but the opinions of the writer, and are not competent testimony.

APPEAL from the Circuit Court of McLean county, the Hon. OWEN T. REEVES, Judge, presiding.  Opinion filed December 11, 1879.

Mr. NEWTON B. REED, and Mr. J. W. STRAIGHT, for appellant; that it is improper to allow medical works to be read to the jury, cited Collier v. Simpson, 5 C. & P. 73; Carter v. State, 2

Ind. 617; Ashworth v. Kittridge, 12 Cush. 193; Commonwealth v. Wilson, 1 Gray, 338; Washburn v. Cuddily, 8 Gray, 430; 1 Redfield on Wills 146; 1 Greenleaf on Evidence, § 440.

When a person expressly employs a surgeon to perform a certain operation, he will not be permitted afterwards to raise the question whether it was a proper step or not: Gramm v. Boener, 4 Monthly Jur. 430.

Expert testimony based partly upon a hypothetical case, and partly upon their knowledge of the case at issue, is improper: C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 142; United States v. McGlue, 1 Curtis, 1. The Clement, 2 Curtis, 368.

Upon the rule of application of payments, in the absence of instructions where to apply: Mills v. Fowkes, 5 Bing. 455; Williams v. Griffith, 5 M. & W. 300; Logan v. Mason, 6 Watts & S. 9; Watt v. Hoch, 25 Pa. St. 411; Allison v. Conter, 4 Har. & J. 351.

Under the plea of total failure of consideration, proof of a partial failure is not sufficient: Burnap v. Cook, 32 Ill. 168.

Messrs. ROWELL & HAMILTON and Messrs KARR & KARR, for appellee; that a verdict will not be set aside where the testimony is conflicting, even though against the weight of evidence cited, Morgan v. Ryerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 187; Pullian v. Ogle, 27 Ill. 189; Chicago v. Garrison, 52 Ill. 516; Tucker v. Watte, 64 Ill. 416; McNellis v. Pulsifer, 64 Ill. 494; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; First Nat. Bank v. Mansfield, 48 Ill. 494; White v. Clayes, 32 Ill. 325; C. & R. I. R. R. Co. v. Coal & Iron Co., 36 Ill. 60; Umlauf v. Bassett, 38 Ill. 96; Corwith v. Colter 82 Ill. 585.

The medical work, being shown to be the standard authority, was competent to be read to the jury: Lauring v. State, 1 Chand. 178; Werker v. State, 37 Ala. 139; Bowman v. Woods, 1 Green, 441; Stoudemier v. Williamson, 29 Ala. 558.

There was no error in the admission of evidence, or instructions sufficient to reverse: Schultz v. Lepage, 21 Ill. 160; Boynton v. Phelps, 52 Ill. 210; Thompson v. McLaughlin, 66 Ill. 407; Deniston v. Hoagland, 67 Ill. 265; Trogdon v. Murphy, 85 Ill. 346; Creote v. Willey, 83 Ill. 444; Hudson v.

Gale v. Rector.

Hadden, 82 Ill. 265; Leigh v. Hodges, 3 Scam. 15; Gillett v. Sweat, 1 Gilm. 475; Dishon v. Schorr, 19 Ill. 59; Hall v. Groufe, 52 Ill. 421; Hardy v. Keeler, 56 Ill. 152; Stickle v. Otto, 86 Ill. 161; Foster v. C. & A. R. R. Co., 84 Ill. 164; Schwarz v. Schwarz, 26 Ill. 81.

McCulloch, J.  This was a suit in assumpsit brought by appellant against appellee upon a promissory note made payable on demand to one Dr. F. L. Pond, by whom it was assigned to appellant.  The defense set up was an alleged failure of consideration, growing out of a breach of contract between Pond and appellee, whereby said Pond, amongst other things, agreed to treat in a skillful manner the wife of appellee, who was afflicted with a distressing malady, of which it is probable she afterwards died.  We do not think the contract set out in the plea was in the exact terms of that testified to by appellee, and some of the instructions were probably erroneous in requiring a compliance on the part of Pond with the terms of a contract not set out in the plea.  In such cases the proof should correspond with the plea, and the instructions should not be predicated upon the terms of a contract other than that set out.

The only evidence of a contract was the testimony of appellee; while Pond very stoutly denies that he ever entered into any such contract.  The law would imply an undertaking on his part to treat his patient with reasonable skill, but the contract set out in the plea has a much wider scope, and the burden of proving it lay upon appellee.  The execution of the note was not denied under oath, nor was that of the assignment.  The production of the note with its indorsement made out the plaintiff's case.  Upon plaintiff's side there was therefore no issue of fact to try.  The jury were bound to find for the plaintiff below unless defendant could establish his defense by a preponderance of the evidence.  The court, however, in the first, second and third of appellee's instructions substantially informed the jury that if on any material point in the plaintiff's case, the plaintiff had failed to furnish a preponderance of the evidence, or if on such material point the evidence was equally balanced, or if the preponderance was against the plaintiff, they

should find for the defendant. In so instructing the jury the court manifestly erred. It will be no answer to this to say the true rule was given in other instructions, for the jury should never be called upon to reconcile instructions which are manifestly irreconcilable.

The question whether or not Dr. Pond had treated the wife of appellee in a skillful manner, being directly in issue, several physicians were called to testify upon that question. As Dr. Pond's treatment differed from the methods usually adopted by the profession, it almost of necessity followed that there should be a wide difference of opinion. Upon this question appellee's counsel were permitted to read, against the objections of appellant, an extract from Prof. Gross' work on surgery ; counsel reading from the book itself. The extract so read set forth the views of the writer upon the subject of the proper treatment of the class of disorders in question. This course deprived the defendant of the privilege of cross-examining a witness whose professional opinion was sought to be introduced to influence the mind of the jury upon one of the vital issues in the case. In this view it was evidence of an independent character, and should not have been allowed. Collier v. Simpson, 5 C. & P. 73; Carter v. State, 2 Ind. 617; Ashworth v. Kittridge, 12 Cush. 193; Commonwealth v. Wilson, 1 Gray, 338; Washburn v. Caddily, 8 Gray, 430: 1 Greenleaf Ev. § 840, note.

For these errors the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.